IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:21CR 13 -1 |
| | : | |
| v. | : | |
| | : | |
| JORGE ALBERTO GARCIA | : | |
| also known as Roberto Garcia and | : | |
| Alberto Garcia | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, JORGE ALBERTO GARCIA, in his own person and through his attorney, William Trivette, and state as follows:

1. The defendant, JORGE ALBERTO GARCIA, is presently under Superseding Indictment in case number 1:20CR137-1, which in Count One charges him with a violation of Title 18, United States Code, Section 1349, conspiracy to commit wire fraud; which in Counts Two, Three, Four, Five, Seven, and Eight charge him with a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2, money laundering (concealment) and aiding and abetting related thereto; and which in Counts Six, Nine, Ten, and Eleven charge him with a violation of Title 18, United States Code, Sections 1343, wire fraud and aiding and abetting related thereto.

2. The defendant, JORGE ALBERTO GARCIA, is also charged in a Bill of Information in case number 1:21CR 13 -1, which in Count One charges with him a violation of Title 18, United States Code, Section 1349, conspiracy to commit wire fraud; and which in Counts Two and Three charge him with violations of Title 26, United States Code, Section 7203, willful failure to file a tax return.

3. The defendant, JORGE ALBERTO GARCIA, will enter a voluntary plea of guilty to Counts One, Two, and Three of Information herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, JORGE ALBERTO GARCIA, understands that the maximum term of imprisonment provided by law for Count One of the Information herein, is not more than twenty years, and the maximum fine for Count One of the Information is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JORGE ALBERTO GARCIA, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process.

2

Case 1:21-cr-00013-LCB   Document 2   Filed 01/13/21   Page 2 of 13

The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    b. The defendant, JORGE ALBERTO GARCIA, also understands that as to Count One of the Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c. The defendant, JORGE ALBERTO GARCIA, understands that as to Count One of the Information herein, the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victims of the offense to which he is pleading guilty, pursuant to Title 18, United States Code, Section 3663A(a)(1). The defendant, JORGE ALBERTO GARCIA, further agrees to pay restitution, as determined by the Court, to any victims harmed by defendant's relevant conduct, as defined by U.S.S.G. § 1B1.3, pursuant to Title 18, United States Code, Section 3663A(a)(3).

    d. The defendant, JORGE ALBERTO GARCIA, further understands that the maximum term of imprisonment provided by law for Counts Two and Three of the Information herein, is not more than one year, as to each count, and the maximum fine for Counts Two and Three of the

3

Information is $100,000, as well as the cost of prosecution, as to each count. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, JORGE ALBERTO GARCIA, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

  e. The defendant, JORGE ALBERTO GARCIA, also understands that as to Counts Two and Three of the Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment, as to each count, pursuant to Title 18, United States Code, Section 3583.

  f. The defendant, JORGE ALBERTO GARCIA, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing

4

court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

g. The defendant, JORGE ALBERTO GARCIA, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, JORGE ALBERTO GARCIA, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, JORGE ALBERTO GARCIA, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

4. By voluntarily pleading guilty to Counts One, Two, and Three of the Information herein, the defendant, JORGE ALBERTO GARCIA, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the

5

United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

5. The defendant, JORGE ALBERTO GARCIA, is going to plead guilty to Counts One, Two, and Three of the Information herein because he is, in fact, guilty and not because of any threats or promises.

6. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, JORGE ALBERTO GARCIA, to Counts One, Two, and Three of the Information herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss the Superseding Indictment as to the defendant, JORGE ALBERTO GARCIA, as well as his co-defendant, HELEN [NMN] SMITH-FLORES, charged under case number 1:20CR137-2. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is agreed that upon the acceptance by the Court of a guilty plea by the defendant, JORGE ALBERTO GARCIA, to the Information herein, the United States of America and the defendant, JORGE ALBERTO GARCIA, agree that a sentence of eighty-four (84) months is the appropriate disposition

6

of the case. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. It is further understood by and between the parties that should the Court reject this portion of the Plea Agreement, the United States and the defendant, JORGE ALBERTO GARCIA, shall have the opportunity to withdraw from this plea agreement and proceed to trial on the Superseding Indictment.

  c. The defendant, JORGE ALBERTO GARCIA, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, JORGE ALBERTO GARCIA, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

  d. The defendant, JORGE ALBERTO GARCIA, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exceptions are that the defendant, JORGE ALBERTO GARCIA, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or

7

gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

  e. The defendant, JORGE ALBERTO GARCIA, entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the defendant, JORGE ALBERTO GARCIA, may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; or (3) the government appeals the sentence.

  f. It is agreed that the defendant, JORGE ALBERTO GARCIA, will waive in open court prosecution by Indictment and consent to be charged in an Information.

7. The defendant, JORGE ALBERTO GARCIA, agrees to the following terms concerning restitution:

  a. The defendant, JORGE ALBERTO GARCIA, agrees to pay restitution pursuant to Title 18, United States Code, Section 3663(a)(3) for Counts Two and Three of the Information, as owed on the date of sentencing

8

to the Clerk of the Court for distribution to the Internal Revenue Service, the victim of Counts Two and Three of the Information, to which he is pleading guilty.

        b.     Without limiting the amount of restitution that the Court imposes, the parties agree that the Internal Revenue Service is entitled to restitution of at least $1,008,416, which is the sum of the taxes owed by JORGE ALBERTO GARCIA for tax years 2014, 2015, 2016, 2017, and 2018.

        c.     The defendant, JORGE ALBERTO GARCIA, also agrees to pay full restitution, regardless of the resulting loss amount, to the Internal Revenue Service for relevant conduct, including conduct described in the Factual Basis or uncharged conduct.

        d.     The defendant, JORGE ALBERTO GARCIA, agrees to include with any restitution payments a request to the Clerk of the Court that such payments be remitted to the Internal Revenue Service at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

        e.     The defendant, JORGE ALBERTO GARCIA, understands that he is not entitled to credit with the Internal Revenue Service for any

9

payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

      f.      The defendant, JORGE ALBERTO GARCIA, agrees to make full disclosure of all current and projected assets to the United States Probation Office immediately, as well as prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the United States Attorney's Office, including the Financial Litigation Unit, for any purpose. This disclosure shall include co-mingled assets or assets held in the names of third parties.

      g.      The defendant, JORGE ALBERTO GARCIA, agrees to truthfully complete, under penalty of perjury within thirty days of the execution of this Plea Agreement, a financial statement provided by the United States Attorney's Office and to update the statement with material changes within seven days of the change.

      h.      The defendant, JORGE ALBERTO GARCIA, consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the IRS for use in computing and collecting the defendant's taxes, interest and penalties, and to

10

the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to file any required true and correct tax returns for the years 2008 through 2018 within sixty days of the sentencing in this matter and to pay all taxes, interest and penalties for the years 2008 through 2018 within a reasonable time in accordance with a plan to be devised by the Probation Office. The defendant further agrees to make all books, records and documents available to the Internal Revenue Service for use in computing defendant's taxes, interest and penalties for the years 2008 through 2018.

    i.  The defendant, JORGE ALBERTO GARCIA, understands that nothing in this agreement or in any judgment, order, release, or satisfaction issued in connection with this agreement, will satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the Internal Revenue Service for the time periods covered by this agreement or any other time period.

  8. The defendant, JORGE ALBERTO GARCIA, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees

11

Case 1:21-cr-00013-LCB   Document 2   Filed 01/13/21   Page 11 of 13

that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. The defendant, JORGE ALBERTO GARCIA, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

10. It is further understood that the United States and the defendant, JORGE ALBERTO GARCIA, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

11. The defendant, JORGE ALBERTO GARCIA, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for Count One of the Information and $25 for each of Counts Two and Three of the Information to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

12. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 13th day of January, 2021.

MATTHEW G.T. MARTIN
United States Attorney

_____
JOANNA G. MCFADDEN
NYSB #4500948
Assistant United States Attorney
101 S. Edgeworth St., 4th Flr.
Greensboro, NC 27401
336/333-5351

_____
WILLIAM TRIVETTE
Attorney for Defendant

_____
JORGE ALBERTO GARCIA
Defendant

/S/ CTB

13